**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:25cv20483**

**ROBERT CARY**,

> Plaintiff,

v.

**EXPERIAN INFORMATION SOLUTIONS INC**,
**EQUIFAX INFORMATION SERVICES LLC**,
**TRANS UNION LLC**,
and **WELLS FARGO BANK NA**,

> Defendants.

_____/

## COMPLAINT

Plaintiff Robert Cary ("Plaintiff") sues Defendant Experian Information Solutions Inc, Defendant Equifax Information Services LLC, Defendant Trans Union LLC, and Defendant Wells Fargo Bank NA, (collectively, the "Defendants") for violations of the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.      Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

## PARTIES

3.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

4.      Defendant Experian Information Solutions Inc ("Experian") is an Ohio corporation with its principal place of business located in Costa Mesa, California.

Page **1** of **29**

5.      Defendant Equifax Information Services LLC ("Equifax") is a Georgia limited liability company with its principal place of business located in Atlanta, Georgia.

6.      Defendant Trans Union LLC ("TransUnion") is a Delaware limited liability company with its principal place of business located in Chicago, Illinois.

7.      Defendant Wells Fargo Bank NA ("Wells Fargo") is a/an United States national association  with its principal place of business located in San Francisco, California.

## DEMAND FOR JURY TRIAL

8.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

9.      On a date better known by Defendants, Wells Fargo reported a thirty (30) day late payment allegedly made by Plaintiff to the national credit reporting agencies. The account reported by Wells Fargo was a Wells Fargo account ending in 9964 (the "Subject Account").

10.     The Subject Account, as reported on Plaintiff's credit reports, is erroneous, incomplete, inaccurate, and, as such, requires correction. In particular, among other issues, the Subject Account is erroneous because the account is inaccurately and misleadingly reported as having a late payment in February 2024. As such, to achieve the necessary correction, Plaintiff disputed the Subject Account with the national credit bureaus.

11.     As set forth below, Plaintiff sent three written disputes to Experian, Equifax, and TransUnion each. In response to each dispute, Experian, Equifax, and TransUnion transmitted the dispute to Wells Fargo; however, Wells Fargo failed to conduct a reasonable investigation into each of Plaintiff's disputes.

## EXPERIAN

12.     Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

13.     Experian regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

14.     Experian is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

15.     On June 14, 2024, Plaintiff sent Experian a written dispute ("First Experian Dispute") regarding the Subject Account, whereby Plaintiff stated, in relevant part, that "The WF CRD SVC account opened on June 3, 2016 is inaccurate. This account is inaccurately and misleadingly being reported as having a late payment in February 2024.  This reporting is inaccurate, misleading and incorrect and is due to a technical and/or clerical error on the part of Wells Fargo.  Please correct this. "

16.     Despite receiving Plaintiff's First Experian Dispute, Experian failed to conduct any investigation into the accuracy of Plaintiff's credit report.

17.     Despite receiving Plaintiff's First Experian Dispute, Experian continues to report the Subject Account inaccurately.

18.     Despite receiving Plaintiff's First Experian Dispute, Experian failed to notify Plaintiff that Experian deemed Plaintiff's dispute as irrelevant and/or frivolous.

19.     On August 29, 2024, Plaintiff sent Experian a written dispute ("Second Experian Dispute") regarding the Subject Account, whereby Plaintiff stated, in relevant part, that "The WF CRD SVC account opened on June 3, 2016 is inaccurate. This account is inaccurately and misleadingly being reported as having a late payment in February 2024.  This reporting is

inaccurate, misleading and incorrect and is due to a technical and/or clerical error on the part of Wells Fargo.  Please correct this. "

20.     Despite receiving Plaintiff's Second Experian Dispute, Experian failed to conduct any investigation into the accuracy of Plaintiff's credit report.

21.     Despite receiving Plaintiff's Second Experian Dispute, Experian continues to report the Subject Account inaccurately.

22.     Despite receiving Plaintiff's Second Experian Dispute, Experian failed to notify Plaintiff that Experian deemed Plaintiff's dispute as irrelevant and/or frivolous.

23.     On November 11, 2024, Plaintiff sent Experian a written dispute ("Third Experian Dispute") regarding the Subject Account, whereby Plaintiff stated, in relevant part, that "The WF CRD SVC account opened on June 3, 2016 is inaccurate. This account is inaccurately and misleadingly being reported as having a late payment in February 2024.  This reporting is inaccurate, misleading and incorrect and is due to a technical and/or clerical error on the part of Wells Fargo.  Please correct this. "

24.     Despite receiving Plaintiff's Third Experian Dispute, Experian failed to conduct any investigation into the accuracy of Plaintiff's credit report.

25.     Despite receiving Plaintiff's Third Experian Dispute, Experian continues to report the Subject Account inaccurately.

26.     Despite receiving Plaintiff's Third Experian Dispute, Experian failed to notify Plaintiff that Experian deemed Plaintiff's dispute as irrelevant and/or frivolous.

27.     Continuing to report Plaintiff's account inaccurately is significant. By continuing to report Plaintiff's account inaccurately and/other erroneously, lenders believe Plaintiff has had a

recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

28.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

29.     Experian failed to conduct a reasonable investigation into any of Plaintiff's written disputes.

30.     Experian failed to review and consider all relevant information submitted by Plaintiff in each of Plaintiff's disputes.

31.     Experian failed to conduct an independent investigation and, instead, deferred to underlying furnisher despite the information Plaintiff provided to it (Experian).

32.     Experian possessed evidence that the information was inaccurate as described by Plaintiff in Plaintiff's disputes; however, Experian failed to correct the information.

33.     Experian's reporting of inaccurate information in connection with the Subject Account, despite evidence that said information is inaccurate, evidence Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

34.     Experian did not conduct any independent investigation after it (Experian) received Plaintiff's dispute and, instead, choose to parrot the information it (Experian) received from the underlying furnisher despite being in possession of evidence that the information was inaccurate.

35.     Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

36.     Plaintiff has suffered damages as a result of the incorrect reporting and Experian's

failure to correct the credit report pertaining to Plaintiff.

## **EQUIFAX**

37.     Equifax is engaged in the business of credit reporting and is commonly referred to

as a "Credit Bureau."

38.     Equifax regularly obtains and analyzes financial information about consumers and

compiles the information into "credit reports," which it provides to third parties.

39.     Equifax is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA

and compiles the information into "credit reports," which it provides to third parties.

40.     On June 14, 2024, Plaintiff sent Equifax a written dispute ("First Equifax Dispute")

regarding the Subject Account, whereby Plaintiff stated, in relevant part, that "The Wells Fargo

Card Services account opened on June 3, 2016 is inaccurate. This account is inaccurately and

misleadingly being reported as having a late payment in February 2024.  This reporting is

inaccurate, misleading and incorrect and is due to a technical and/or clerical error on the part of

Wells Fargo.  Please correct this. "

41.     Despite receiving Plaintiff's First Equifax Dispute, Equifax failed to conduct any

investigation into the accuracy of Plaintiff's credit report.

42.     Despite receiving Plaintiff's First Equifax Dispute, Equifax continues to report the

Subject Accounts inaccurately.

43.     Despite receiving Plaintiff's First Equifax Dispute, Equifax failed to notify Plaintiff

that Equifax deemed Plaintiff's dispute as irrelevant and/or frivolous.

44.     On August 29, 2024, Plaintiff sent Equifax a written dispute ("Second Equifax

Dispute") regarding the Subject Account, whereby Plaintiff stated, in relevant part, that "The Wells

Fargo Card Services account opened on June 3, 2016 is inaccurate. This account is inaccurately and misleadingly being reported as having a late payment in February 2024.  This reporting is inaccurate, misleading and incorrect and is due to a technical and/or clerical error on the part of Wells Fargo.  Please correct this. ”

45.     Despite receiving Plaintiff's Second Equifax Dispute, Equifax failed to conduct any investigation into the accuracy of Plaintiff's credit report.

46.     Despite receiving Plaintiff's Second Equifax Dispute, Equifax continues to report the Subject Accounts inaccurately.

47.     Despite receiving Plaintiff's Second Equifax Dispute, Equifax failed to notify Plaintiff that Equifax deemed Plaintiff's dispute as irrelevant and/or frivolous.

48.     On November 11, 2024, Plaintiff sent Equifax a written dispute ("Third Equifax Dispute") regarding the Subject Account, whereby Plaintiff stated, in relevant part, that "The Wells Fargo Card Services account opened on June 3, 2016 is inaccurate. This account is inaccurately and misleadingly being reported as having a late payment in February 2024.  This reporting is inaccurate, misleading and incorrect and is due to a technical and/or clerical error on the part of Wells Fargo.  Please correct this. ”

49.     Despite receiving Plaintiff's Third Equifax Dispute, Equifax failed to conduct any investigation into the accuracy of Plaintiff's credit report.

50.     Despite receiving Plaintiff's Third Equifax Dispute, Equifax continues to report the Subject Account inaccurately.

51.     Despite receiving Plaintiff's Third Equifax Dispute, Equifax failed to notify Plaintiff that Equifax deemed Plaintiff's dispute as irrelevant and/or frivolous.

52.     Continuing to report Plaintiff's account inaccurately is significant. By continuing to report Plaintiff's account inaccurately and/other erroneously, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

53.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

54.     Equifax failed to conduct a reasonable investigation into any of Plaintiff's written disputes.

55.     Equifax failed to review and consider all relevant information submitted by Plaintiff in each of Plaintiff's disputes.

56.     Equifax failed to conduct an independent investigation and, instead, deferred to underlying furnisher despite the information Plaintiff provided to it (Equifax).

57.     Equifax possessed evidence that the information was inaccurate as described by Plaintiff in Plaintiff's disputes; however, Equifax failed to correct the information.

58.     Equifax's reporting of inaccurate information in connection with the Subject Account, despite evidence that said information is inaccurate, evidence Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

59.     Equifax did not conduct any independent investigation after it (Equifax) received Plaintiff's dispute and, instead, choose to parrot the information it (Equifax) received from the underlying furnisher despite being in possession of evidence that the information was inaccurate.

60.     Without any explanation or reason, Equifax continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

61.     Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

## **TRANSUNION**

62.     TransUnion is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

63.     TransUnion regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

64.     TransUnion is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

65.     On June 14, 2024, Plaintiff sent TransUnion a written dispute ("First TransUnion Dispute") regarding the Subject Account, whereby Plaintiff stated, in relevant part, that "The Wells Fargo Card Serv account opened on June 3, 2016 is inaccurate. This account is inaccurately and misleadingly being reported as having a late payment in February 2024.  This reporting is inaccurate, misleading and incorrect and is due to a technical and/or clerical error on the part of Wells Fargo.  Please correct this."

66.     Despite receiving Plaintiff's First TransUnion Dispute, TransUnion failed to conduct any investigation into the accuracy of Plaintiff's credit report.

67.     Despite receiving Plaintiff's First TransUnion Dispute, TransUnion continues to report the Subject Account inaccurately.

68.     Despite receiving Plaintiff's First TransUnion Dispute, TransUnion failed to notify Plaintiff that TransUnion deemed Plaintiff's dispute as irrelevant and/or frivolous.

69.     On August 29, 2024, Plaintiff sent TransUnion a written dispute ("Second TransUnion Dispute") regarding the Subject Account, whereby Plaintiff stated, in relevant part, that "The Wells Fargo Card Serv account opened on June 3, 2016 is inaccurate. This account is inaccurately and misleadingly being reported as having a late payment in February 2024.  This reporting is inaccurate, misleading and incorrect and is due to a technical and/or clerical error on the part of Wells Fargo.  Please correct this."

70.     Despite receiving Plaintiff's Second TransUnion Dispute, TransUnion failed to conduct any investigation into the accuracy of Plaintiff's credit report.

71.     Despite receiving Plaintiff's Second TransUnion Dispute, TransUnion continues to report the Subject Account inaccurately.

72.     Despite receiving Plaintiff's Second TransUnion Dispute, TransUnion failed to notify Plaintiff that TransUnion deemed Plaintiff's dispute as irrelevant and/or frivolous.

73.     On November 11, 2024, Plaintiff sent TransUnion a written dispute ("Third TransUnion Dispute") regarding the Subject Account, whereby Plaintiff stated, in relevant part, that "The Wells Fargo Card Serv account opened on June 3, 2016 is inaccurate. This account is inaccurately and misleadingly being reported as having a late payment in February 2024.  This reporting is inaccurate, misleading and incorrect and is due to a technical and/or clerical error on the part of Wells Fargo.  Please correct this."

74.     Despite receiving Plaintiff's Third TransUnion Dispute, TransUnion failed to conduct any investigation into the accuracy of Plaintiff's credit report.

75.     Despite receiving Plaintiff's Third TransUnion Dispute, TransUnion continues to report the Subject Account inaccurately.

76.     Despite receiving Plaintiff's Third TransUnion Dispute, TransUnion failed to notify Plaintiff that TransUnion deemed Plaintiff's dispute as irrelevant and/or frivolous.

77.     Continuing to report Plaintiff's account inaccurately is significant. By continuing to report Plaintiff's account inaccurately and/other erroneously, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

78.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

79.     TransUnion failed to conduct a reasonable investigation into any of Plaintiff's written disputes.

80.     TransUnion failed to review and consider all relevant information submitted by Plaintiff in each of Plaintiff's disputes.

81.     TransUnion failed to conduct an independent investigation and, instead, deferred to underlying furnisher despite the information Plaintiff provided to it (TransUnion).

82.     TransUnion possessed evidence that the information was inaccurate as described by Plaintiff in Plaintiff's disputes; however, TransUnion failed to correct the information.

83.     TransUnion's reporting of inaccurate information in connection with the Subject Account, despite evidence that said information is inaccurate, evidence TransUnion's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

84.     TransUnion did not conduct any independent investigation after it (TransUnion) received Plaintiff's dispute and, instead, chose to parrot the information it (TransUnion) received

from the underlying furnisher despite being in possession of evidence that the information was inaccurate.

85.     Without any explanation or reason, TransUnion continues to report this false, inaccurate, or otherwise incomplete information about Plaintiff.

86.     Plaintiff has suffered damages as a result of the incorrect reporting and TransUnion's failure to correct the credit report pertaining to Plaintiff.

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Experian)

87.     Plaintiff incorporates by reference ¶¶ 9-36 of this Complaint.

88.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

89.     Experian failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

90.     Experian's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

91.     Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and

derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

92.     The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

93.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

94.     The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

95.     As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

96.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages

pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

**COUNT 2**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against Experian)

97.     Plaintiff incorporates by reference ¶¶ 9-36 of this Complaint.

98.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

99.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

100.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

101.    Additionally, Experian negligently failed to report the account identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

102.    Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request

by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

103.    The conduct, action, and inaction, of Equifax was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

104.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

105.    As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

106.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 3
### VIOLATION OF 15 USCS § 1681S-2 (A)(8)(F) OF THE FAIR CREDIT REPORTING ACT
### (against Experian)

107.     Plaintiff incorporates by reference ¶¶ 9-36 of this Complaint.

108.     Pursuant to 15 USCS § 1681s-2 (a)(8)(F), upon making a determination that a dispute submitted by a consumer is frivolous or irrelevant, the consumer must be notified of such a determination no later than five (5) business days after such a determination is made, such a determination must include the reasons for determining why the dispute is frivolous or irrelevant.

109.     Despite receiving Plaintiff's three (3) disputes, Experian failed to notify Plaintiff that Experian deemed Plaintiff's three (3) disputes as irrelevant and/or frivolous.

110.     The conduct, action and inaction of Experian was negligent or willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

111.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] statutory and actual damages pursuant to 15 U.S.C. § 1681o(a); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 4**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against Equifax)

112.     Plaintiff incorporates by reference ¶¶ 9-11, 37-61 of this Complaint.

113.     On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

114.    Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's Equifax credit report.

115.    Equifax's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

116.    Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

117.    The conduct, action and inaction of Equifax was willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

118.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

119.    The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Equifax, was the direct and proximate result of Equifax's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

120.    As a result of the conduct, action, and inaction, of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

121.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

### COUNT 5
### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Equifax)

122.    Plaintiff incorporates by reference ¶¶ 9-11, 37-61 of this Complaint.

123.    On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

124.    On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

125.    On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

126.    Additionally, Equifax negligently failed to report the account identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

127.    Equifax has negligently failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

128.    The conduct, action, and inaction, of Equifax was negligent, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

129.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

130.     As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

131.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 6
## VIOLATION OF 15 USCS § 1681S-2 (A)(8)(F) OF THE FAIR CREDIT REPORTING ACT
### (against Equifax)

132.     Plaintiff incorporates by reference ¶¶ 9-11, 37-61 of this Complaint.

133.     Pursuant to 15 USCS § 1681s-2 (a)(8)(F), upon making a determination that a dispute submitted by a consumer is frivolous or irrelevant, the consumer must be notified of such a determination no later than five (5) business days after such a determination is made, such a determination must include the reasons for determining why the dispute is frivolous or irrelevant.

134.     Despite receiving Plaintiff's three (3) disputes, Equifax failed to notify Plaintiff that Equifax deemed Plaintiff's three (3) disputes as irrelevant and/or frivolous.

135.     The conduct, action and inaction of Equifax was negligent or willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

136.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: [1] statutory and actual damages pursuant

to 15 U.S.C. § 1681o(a); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 7**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against TransUnion)

137.     Plaintiff incorporates by reference ¶¶ 9-11, 62-86 of this Complaint.

138.     On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

139.     TransUnion failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's TransUnion credit report.

140.     TransUnion's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

141.     TransUnion has willfully and recklessly failed to comply with the FCRA. The failures of TransUnion to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which TransUnion had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that

Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and [h] the failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

142.     The conduct, action and inaction of TransUnion was willful, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

143.     Plaintiff is entitled to recover reasonable costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

144.     The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to TransUnion, was the direct and proximate result of TransUnion's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

145.     As a result of the conduct, action, and inaction, of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

146.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against TransUnion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees

pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

**COUNT 8**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against TransUnion)

147.    Plaintiff incorporates by reference ¶¶ 9-11, 62-86 of this Complaint.

148.    On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

149.    On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

150.    On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

151.    Additionally, TransUnion negligently failed to report the account identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

152.    TransUnion has negligently failed to comply with the FCRA. The failures of TransUnion to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which TransUnion had notice was inaccurate; [e] the

continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and [h] the failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

153.    The conduct, action, and inaction, of TransUnion was negligent, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

154.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

155.    As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

156.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against TransUnion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 9**
**VIOLATION OF 15 USCS § 1681s-2 (A)(8)(F) OF THE FAIR CREDIT REPORTING ACT**
**(**against TransUnion)

157.    Plaintiff incorporates by reference ¶¶ 9-11, 62-86 of this Complaint.

158.     Pursuant to 15 USCS § 1681s-2 (a)(8)(F), upon making a determination that a dispute submitted by a consumer is frivolous or irrelevant, the consumer must be notified of such a determination no later than five (5) business days after such a determination is made, such a determination must include the reasons for determining why the dispute is frivolous or irrelevant.

159.     Despite receiving Plaintiff's three (3) disputes, TransUnion failed to notify Plaintiff that TransUnion deemed Plaintiff's three (3) disputes as irrelevant and/or frivolous.

160.     The conduct, action and inaction of TransUnion was negligent or willful, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

161.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against TransUnion, awarding Plaintiff the following relief: [1] statutory and actual damages pursuant to 15 U.S.C. § 1681o(a); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 10
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Wells Fargo)

162.     Plaintiff incorporates by reference ¶¶ 9-86 of this Complaint.

163.     On at least one occasion within the past two years, by example only and without limitation, Wells Fargo violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

164.     On at least one occasion within the past two years, by example only and without limitation, Wells Fargo violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

165.     On at least one occasion within the past two years, by example only and without limitation, Wells Fargo violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

166.     Upon information and belief, Wells Fargo was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's disputes.

167.     When Wells Fargo received notice of Plaintiff's dispute from Experian, Equifax, and TransUnion, Wells Fargo could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

168.     Wells Fargo would have discovered that the information it was reporting about Plaintiff was inaccurate if Wells Fargo had reviewed its own systems and previous communications with the Plaintiff.

169.     Wells Fargo's investigation was per se deficient by reason of these failures on Wells Fargo's investigation of Plaintiff's dispute.

170.     As a direct and proximate result of Wells Fargo's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

171.     Wells Fargo's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may

allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

172.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Wells Fargo, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 11**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against Wells Fargo)

173.     Plaintiff incorporates by reference ¶¶ 9-86 of this Complaint.

174.     On at least one occasion within the past two years, by example only and without limitation, Wells Fargo violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

175.     On one or more occasions within the past two years, by example only and without limitation, Wells Fargo violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

176.     On one or more occasions within the past two years, by example only and without limitation, Wells Fargo violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

177.     When Wells Fargo received notice of Plaintiff's dispute from Experian, Wells Fargo could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

178.    Wells Fargo would have discovered that the information it was reporting about Plaintiff was inaccurate if Wells Fargo had reviewed its own systems and previous communications with the Plaintiff.

179.    Wells Fargo's investigation was per se deficient by reason of these failures on Wells Fargo's investigation of Plaintiff's dispute.

180.    As a direct and proximate result of Wells Fargo's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

181.    Wells Fargo's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

182.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Wells Fargo, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

DATED: January 31, 2025

Respectfully Submitted,

 /s/ Thomas Patti                                    .
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:    Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**

Florida Bar No. 118517
E-mail:     Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street Suite 1732
Fort Lauderdale, Florida 33309
Phone:     561-542-8550

*COUNSEL FOR PLAINTIFF*